UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

TYLER BUEFORD,

   Plaintiff,

v.

RADIUS GLOBAL SOLUTIONS, LLC,

   Defendant.

Case No. 7:19-cv-00292

## COMPLAINT

NOW COMES Plaintiff, TYLER BUEFORD, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, RADIUS GLOBAL SOLUTIONS, LLC as follows:

## NATURE OF THE ACTION

1. Plaintiff is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA") 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. §227 *et seq.* and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. TYLER BUEFORD ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 4315 Neely Avenue, Midland, Texas 79707.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

1

8. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

9. RADIUS GLOBAL SOLUTIONS, LLC ("Defendant") is a foreign corporation organized under the laws of Pennsylvania.

10. Defendant has its principal place of business at 50 W. Skippack Pike Ambler, PA 19002-5151.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

13. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

14. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## **FACTUAL ALLEGATIONS**

15. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7382.

16. At all times relevant, Plaintiff's number ending in 7382 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

18. Plaintiff received medical services from UT Health Athens.

19. These services generated certain bills.

20. These bills, once unpaid, were turned over to Defendant for collection.

21. These bills are a "debt" as defined by 15 U.S.C. § 1692a(5).

22. These bills are a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

23. In June of 2019, Plaintiff started to receive phone calls from Defendant.

24. Plaintiff answered, was met with clear pause requiring him to say "*Hello, Hello, Hello*" prior to being connected to Defendant's representative.

25. Defendant informed Plaintiff that they were seeking to collect Plaintiff's unpaid UT Health balance.

26. Defendant requested immediate payment.

27. Plaintiff responded that he isn't able to make payment; before asking that they stop calling..

28. Regrettably, these phone calls continued.

28. Plaintiff continues to receive phone calls today.

29. All in all, Plaintiff has received no less than 50 additional *unconsented-to* phone calls from numbers leading back to Defendant – (682) 267-6925 and (682) 712-0521.

30. Defendant's phone calls resulted in aggravation that accompanies unsolicited phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services, and wasting Plaintiff's time.

31. Concerned with having had his rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices ceased.

32.     Accordingly, Plaintiff needed to expend energy/time consulting with attorneys as direct result of Defendant's unlawful collection practices.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### **Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

33.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### **Violation(s) of 15 U.S.C. § 1692d**

34.     Section 1692d provides:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

35.     Defendant violated 15 U.S.C. § 1692d(5) by continuing to place phone calls to Plaintiff despite Plaintiff's request that Defendant stop calling.

36.     Defendant's behavior of continuing to place phone calls to Plaintiff was abusive, harassing, and oppressive.

37.     Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

    (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.    a finding that Defendant violated 15 U.S.C. § 1692d(5);

B.    an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.    an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.    an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.    an award of such other relief as this Court deems just and proper.

## COUNT II:
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

38.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

39.    Defendant placed or caused to be placed no less than 50 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

40.    Upon information and belief, based on the clear pause Plaintiff experienced, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

41. Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

42. Upon information and belief, the ATDS employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

43. Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

44. As a result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

45. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT III:
### Texas Debt Collection Practices Act (Tex. Fin. Code Ann. § 392.001 *et. seq.*)

46. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Tex. Fin. Code Ann. § 392.302

47. Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

(4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

48. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff despite Plaintiff's request that Defendant stop calling.

49. Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

(a) A person may sue for:

(1) injunctive relief to prevent or restrain a violation of this chapter; and

(2) actual damages sustained as a result of a violation of this chapter.

(b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: December 17, 2019                                   Respectfully submitted,

**TYLER BUEFORD**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com